IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **ROBERT B. SLACK,** § | | |
| **Plaintiff,** § | | |
| § | | |
| vs. § | **CIVIL ACTION NO. 3:18-cv-241** | |
| § | **Jury Demanded** | |
| **PRAXAIR, INC.,** § | | |
| **Defendant.** § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Robert B. Slack (hereinafter "Plaintiff" or "Slack"), complaining of Praxair, Inc. (hereinafter "Defendant" or "Praxair"), and for cause of action shows unto the Court the following:

**I.  PARTIES AND SERVICE**

1. Plaintiff Robert B. Slack, is a citizen of the United States and the State of Texas and resides in Brazoria County, Texas.

2. Defendant Praxair, Inc. is a corporation organized and existing under the laws of Delaware, having its principal office and place of business in Danbury, Connecticut and may be served by its registered agent, Prentice Hall Corporation System, at 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

**II.  JURISDICTION**

3. This action arises under the Fair Labor Standards Act (FLSA) as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a) because they arise out of the same case or controversy.

### III.  NATURE OF ACTION

5. This is an action under Section 216(b) of the Fair Labor Standards Act (FLSA) to recover unpaid wages and unpaid overtime wages.

6. Additionally, this is an action for breach of contract, arising out of the same case or controversy, for which this Court has supplemental jurisdiction.

### IV.  FACTS

7. Plaintiff, at all pertinent times during his employment with Defendant, worked in Praxair's Field Construction department. For the years of 2015, 2016, and 2017, Slack frequently worked an average of ten (10) to thirty (30) hours of overtime each week during a temporary assignment in Texas City, Texas. He was never compensated at the required rate of time and a half for his overtime work, despite being a non-exempt employee.

8. Additionally, for the duration of the temporary project in Texas City, Plaintiff was entitled to per diem reimbursement, which Praxair failed to provide, despite provisions in its corporate policy that promised per diem as part of Plaintiff's employment.

### V.  APPLICATION OF FAIR LABOR STANDARDS ACT

9. Plaintiff is an employee, and Defendant is an employer, as defined in the FLSA, 29 U.S.C. §§ 201-219. Plaintiff's principal activities while employed by the Defendant were in commerce and the production of goods for commerce, or working for an enterprise engaged in commerce or the production of commerce, as defined in the FLSA.

### VI.  VIOLATION OF THE FLSA

10. During Plaintiff's employment with Praxair, Slack's calculated pay for the years of 2015, 2016, and 2017 were $96,667.87, $114,183.99, and $124,720.93, respectively. These amounts are grossly below the amount that was owed to Slack due to the lack of overtime hours

Defendant failed to include.

11. Slack's hourly rate is $57.63, which calculates to an overtime rate of $86.45. Slack worked 880 overtime hours in 2015, 957 overtime hours in 2016, and 1,306 overtime hours in 2017, for a total of 3,143 hours of overtime accrued but not compensated.

## VII.  WILLFUL VIOLATION OF THE FLSA

12. Plaintiff was specifically instructed to delete actual hours worked on his timecard to show that forty (40) hours per week were worked, when in fact, the actual hours worked were beyond forty (40).

13. Defendant's failure to pay Plaintiff as required and as specified above was a willful violation of law, in that, Defendant was aware that its conduct and pay practices violated the FLSA.

## VIII.  BREACH OF CONTRACT

14. Plaintiff entered into a valid, enforceable employment contract with Defendant in November 2011. Plaintiff continuously performed for Defendant during the time he commenced employment until his termination in February 2018. Plaintiff fulfilled all contractual obligations required of him. In return, Defendant failed to pay Plaintiff overtime and the per diem he was entitled to for two (2) calendar years while Plaintiff was on a temporary assignment in Texas City, Texas.

15. Thus, Defendant breached the contract in violation of its own corporate policy. Further, per diem is part of Praxair's compensation package, which Plaintiff reasonably relied on during his employment. Accordingly, Defendant's actions were a material breach by failing to substantially perform a material obligation and duty required under the contract. Defendant's material breach resulted in financial injury to Plaintiff.

## XI.  ATTORNEY'S FEES

16. It is necessary for the Plaintiff to have the services of an attorney to institute and prosecute this action against Defendant. Plaintiff is entitled to all reasonable and necessary attorney's fees incurred in bringing this lawsuit.

## X.  DAMAGES

17. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a.  Front pay wages Plaintiff would have earned since his termination date;

   b.  All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff;

   c.  Back pay from the date that Plaintiff was denied overtime wages;

   d.  Liquidated damages equal to the amount of unpaid overtime compensation recovered;

   e.  Actual damages in the amount of per diem incurred as a result of Defendant's breach of contract;

   f.  All reasonable and necessary costs and expert fees incurred in pursuit of this suit;

   g.  Post-judgment interest as provided by law; and

   h.  Any and all other damages to which Plaintiff is entitled under the law.

## XI.  JURY DEMAND

Plaintiff requests a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Robert B. Slack prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with unpaid minimum wages and overtime compensation; liquidated damages; attorney's fees and expenses; interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**SANES & LARKIN LAW FIRM, LLP**

*/s/ Scott A. Sanes*

———————————————————

SCOTT A. SANES
Federal Bar No. 07532
Texas State Bar No. 17630600
Email: scott@saneslarkin.com
PATRICK B. LARKIN
Federal Bar No. 36529
Texas Bar No. 24013004
Email:  patrick@saneslarkin.com
11200 Broadway, Suite 2705
Pearland Town Center – Offices East
Pearland, Texas 77584
(713) 799-8400 (Telephone)
(888) 328-7060 (Facsimile

ATTORNEYS IN CHARGE FOR
ROBERT B. SLACK